NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ANTONIO MORENO NIETO;
WENDY ANDREA VALENZUELA
ALVAREZ; ANTONY ALONSO
MORENO VALENZUELA; KIMBERLY
ELIZA MORENO VALENZUELA,

No. 24-4471

Agency Nos.
A203-700-567
A203-700-568
A203-700-569
A203-700-570

Petitioners,

v.

MEMORANDUM*

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025**
Pasadena, California

Before: BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Jose Antonio Moreno Nieto, his wife Wendy Andrea Valenzuela Alvarez,

and their two minor children, all natives and citizens of Mexico, petition for review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of a decision of the Board of Immigration Appeals dismissing their appeal from an immigration judge's order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the Board incorporates findings of the immigration judge and adds its own reasoning, we review both decisions. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review the Board's factual findings for substantial evidence. *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). Under that standard, findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The standard of review for determining whether given facts amount to persecution is "currently unsettled." *Antonio v. Garland*, 58 F.4th 1067, 1072 n.8 (9th Cir. 2023); *see Urias-Orellana v. Bondi*, No. 24-777 (U.S. argued Dec. 1, 2025). But whether we review the Board's ruling for substantial evidence or de novo, our decision would be the same.

1. The Board did not err in determining that Moreno Nieto and his family failed to establish past harm rising to the level of persecution. Threats are relevant to the past-persecution analysis but do not necessarily compel a finding of past persecution unless the threats, typically in combination with other mistreatment,

"effect significant actual suffering or harm." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (quoting *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003)); *see Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (explaining that "cases with threats alone . . . rarely constitute persecution"). Moreno Nieto was confronted at his home by armed cartel members, who threatened to kill him and his family unless he joined the cartel. Moreno Nieto and his family then left Mexico for the United States. They were never physically harmed by the cartel members, and the threats were neither repeated nor combined with other mistreatment. The Board did not err in finding that the threats amounted only to harassment, not persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (explaining that threats are often "indicative of a danger of future persecution, rather than . . . past persecution itself").

2. The record does not compel a finding of an objectively reasonable fear of future persecution. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc). Moreno Nieto and his family focus on their fear of the cartels, citing articles and reports about cartel violence in Guerrero. But a fear of generalized crime does not support a well-founded fear of future persecution. *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1037 (9th Cir. 2021). Moreno Nieto also testified that the cartel that threatened him was ultimately defeated by another cartel and may no longer exist. There is no evidence in the record that any

of the cartel members who threatened him have any continuing interest in him or his family specifically. We therefore hold that the Board did not err in denying Moreno Nieto and his family's applications for asylum and withholding of removal.

3. Substantial evidence also supports the Board's denial of protection under the CAT because Moreno Nieto and his family did not show that it is more likely than not that he will be tortured if returned to Mexico. To prevail on a CAT claim, a petitioner must demonstrate a "particularized and non-speculative" risk of torture. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (emphasis omitted). Moreno Nieto and his family present only generalized evidence of cartel violence in Mexico, without pointing to any evidence in the record that they face a particularized risk of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam).

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal, Dkt. No. 3, is otherwise denied.

**PETITION DENIED.**